UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

DEBRADRE D. JACKSON,

                            Plaintiff,

v.                                                            **Case No. 16-cv-1454-pp**

**RACINE CORRECTIONAL INSTITUTION,
DEPARTMENT OF CORRECTIONS,
SGT. CORRAO,
CO. SAIRS,
A. LARSON,**

                            Defendants.
_____

**DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR LEAVE
TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)
AND SCREENING THE COMPLAINT**
_____

        The plaintiff, a Wisconsin state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. §1983 alleging that the defendants violated his Eighth Amendment rights at the Racine Correctional Institution. Dkt. No. 1. This order resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee and screens the plaintiff's complaint.

        **I.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT
             OF THE FILING FEE**

        The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. Id. One of those conditions is a requirement that the

1

plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On November 1, 2016, the court assessed an initial partial filing fee of $1.43. Dkt. No. 5. The plaintiff made payment in the amount of $2.00 on November 9, 2016. Therefore, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filling fee and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

**II.     SCREENING OF PLAINTIFF'S AMENDED COMPLAINT**

    A.     Standard for Screening Complaints

The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court may dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the

2

grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Indeed, allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis set forth in Twombly to determine whether a complaint states a claim. Id. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not supported by facts "are not entitled to the assumption of truth." Id. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.   Facts Alleged in the Complaint

On October 2, 2016, the plaintiff was having a seizure, and he told his cellmate (Michael Cunningham) to notify staff that he needed medical attention. Dkt. No. 1 at 2. Cunningham left the cell and loudly stated that the

3

plaintiff was having a seizure. Id. Correctional Officer Sairs responded to the call and entered the room. Id. Sairs confirmed to Sergeant Corrao that the plaintiff was suffering a seizure. Id.

Corrao entered the plaintiff's cell and found the plaintiff on the floor. Id. Corrao also noticed some contraband in the plaintiff's cell. Id. Instead of contacting the Health Services Unit ("HSU") regarding the plaintiff's seizure, Corrao left the plaintiff on the floor, and radioed security to take the plaintiff to segregation to be locked up. Id. at 3. The plaintiff continued to ask for medical attention while in segregation, but indicates that he did not receive medical care until twenty-four hours later. Id. The plaintiff says that during the seizure, he fell and hit the back of his head on the cell wall, which caused "swelling and a knot at the back of his head." Id. During the twenty-four hours after the seizure, the plaintiff had "painful headaches and tribbles" which continued until he received medication. Id.

On October 4, 2016, the plaintiff filed a grievance with the Inmate Complaint Examiner ("ICE") regarding what he claims was the deliberate denial of medical care following his seizure. Id. A. Larson, the ICE's "program assistant," returned the complaint to the plaintiff. Id. This left the plaintiff with no administrative remedies. Id. For relief, the plaintiff seeks monetary damages and injunctive relief. Id. at 5.

C.   Legal Analysis of Alleged Facts

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the

4

United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)). Liability under §1983 is predicated on a defendant's personal involvement in the constitutional deprivation. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). "An official satisfies the personal [involvement] . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." Id. (quoting Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982)). He "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Id. (quoting Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988)).

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). To state a claim of cruel and unusual punishment under the Eighth Amendment, a plaintiff must allege that jail officials were "deliberately indifferent" to a substantial risk of serious harm to inmate health or safety. Id. at 834. Jail officials act with deliberate indifference when they know of a substantial risk of serious harm and either act or fail to act in disregard of that risk. Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011). A medical need is sufficiently "serious" if the inmate's condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person

5

would perceive the need for a doctor's attention." Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011) (quoting Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005).

According to the complaint, Sairs and Corrao both saw the plaintiff on the floor having a seizure, but neither called HSU to provide the plaintiff with medical attention. Instead, Corrao sent the plaintiff to segregation, and the plaintiff went without treatment for twenty-four hours—despite having fallen and hit his head on his cell wall. The plaintiff alleges that during that twenty-four hours, he experienced a considerable amount of pain and could have suffered further injury from head swelling. These allegations are sufficient for the court to allow the plaintiff to proceed with an Eighth Amendment deliberate indifference claim against Sairs and Corrao.

The court will not allow the plaintiff to proceed with his claims against Racine Correctional Institution, the Department of Corrections, or A. Larson. Section 1983 prohibits a "person" acting under color of state law from depriving someone of his constitutional rights. Neither the Department of Corrections nor the Racine Correctional Institution are "persons" within the meaning of §1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989). The court will dismiss these defendants from the case.

A. Larson's personal involvement in the incident appears to have been limited to returning the plaintiff's inmate complaint on behalf of the complaint examiner. The plaintiff does not allege that A. Larson read or reviewed the complaint, and even if she did, she would not have had an obligation (or even

6

the ability) to intervene in the failure to provide the plaintiff with medical care, because the plaintiff already had received treatment when he filed his inmate grievance. As indicated above, liability under §1983 is based on an individual's personal involvement in the constitutional violation. <u>Gentry v. Duckworth</u>, 65 F.3d 555, 561 (7th Cir. 1995). Because A. Larson was not personally involved in the failure to provide the plaintiff with medical care, the court will dismiss A. Larson as a defendant.

### III. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The court **ORDERS** the Secretary of the Wisconsin Department of Corrections or his designee to collect from the plaintiff's prison trust account the **$348.00** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Secretary shall clearly identify the payments by the case name and number.

The court **ORDERS** that Racine Correctional Institution, the Department of Corrections, and A. Larson are **DISMISSED** from the case.

The court **ORDERS** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, the court will

send copies of the plaintiff's complaint and this order electronically to the Wisconsin Department of Justice for service on Co. Sairs and Sgt. Corrao.

The court **ORDERS** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, Co. Sairs and Sgt. Corrao shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court will send copies of this order to the warden of the Racine Correctional Institution where the plaintiff is confined.

The court **ORDERS** the plaintiff to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case. Because each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should retain a personal copy of each document filed with the court.

The court advises the plaintiff that failure to make a timely submission may result in the dismissal of the case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do

so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 9th day of January, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge