DEBRADRE D. JACKSON,

    Plaintiff,

V.                    Case No. 16-CV-1454,

SGT. CORRAO AND CO. SAIRS,

    Defendants.

---

PLAINTIFF"S RESPONSE TO DEFENDANTS PROPOSED FINDINGS OF FACTS NUMBERED 1-46

---

1. -Response: No Dispute.

2. -Response : No Dispute.

3. -Response : No Dispute.

4. -Response : No Dispute.

5. -Response : No Dispute.

6. -Response : No Dispute.

7. -Response : No Dispute.

8. -Response : No Dispute.

9. -Response : No Dispute.

10.-Response: No dispute as to who Corrao notified; but dispute as to whether Corrao immediatily proceeded to the cell where Jackson was located. Corrao had to stay at the Officer's staion until Officer Walker came to relieve him (Jackson's Decl.@ 14,15).

11.-Response: No dispute.

12.-Response: No dispute.

13.-Response: No dispute.

14.-Response: Disputed as to the telephone being located within the Security Control Center which is outside the Washington Unit where this incident occurred. However it is disputed as to it being the Cintrol Center Staff resonsibility for initiating contact with the Health Services Untt. (Jacson's Decl. @ 4,8).

15.-REsponse: Disputed-Sairs or Corrao did not have to go to the Control Center and make the call to the Health Services. A phone is at the Officer Station Corrao was located during the first 4 to 5 minutes of the incident.(Jackson's Decl.@ 4,5).

16.-Response: Dispute- Corrao had immediate access to a telephone at the Officers Staion as he waited to be relieved by Officer Walker.(Jackson's Decl.@ 4,5,14 @ 15).

17. -Response: No dispute.

18.-Response : No dispute.

19.-Response: No dispute.

20.-Response: Disputed-Officer Walker left to go relieve Officer Corrao from Officer Station. (Jackson's Decl.@ 14,15).

21.-Response: No dispute.

22.-Response: No Dispute as to whether the questions asked; but Disputed as to how they were answered.(Jackson's Decl.@ 10).

23.-Response: Disputed- Jackson doesn't recall any remarks made by himself or if any were made at all.(Jackson Decl.@ 10).

24.-Response: No dispute.

25.-Response: Disputed:-Officer's are not permitted to determine Jacksons Medical Care in Accord with DAI Policy 500 Health Services subject Access to Care. Jackson's Medical Care after a Medical Emergency was to be determined by a qualified Health Proffesional.(Jackson's Decl.@ 8).

26.-Response: Disputed- Corrao is not qualified or have the Authority to make decisions based on his judgement in regard to Jackson's serious Medical Condition. (Jackson's Decl.@ 8).

27.-Response: Not disputed.

28.-Response: No dispute, however, if it were the case that K2 played a part Corrao knew the dangers of K2 and it could kill a person.(Jackson's Decl.@ 17).

29.-Response: Not Disputed.

30.-Response: No dispute.

31.-Response: No dispute.

32.-Response: No dispute.

33.-Response: No dispute; However, take Notice that Defendant Corrao admits going "back to the Officers Station." This fact goes with that he did not have to go to the "Security Control Center" to use the telephone to call Health Services, to request Plaintiff Medical Assistance in the first minute of Officer Sairs confirmed over the radio that Plaintiff was suffering a seizure-a serious Medical Condition.

34.-Response: No dispute.

35.-Response: No dispute.

36.-Response: No dispute.

37.-Response: No dispute, However, Disputed that Jackson was giggling but was moaning in pain.

38.-Response: No dispute.

39.-Response: No dispute.

40.-Response: No dispute.

41.-Response: No dispute.

42.-Response: No dispute.

43.-Response: No dispute.

4

44.-Response: Dispute as it is not common for a inmate to need Medical attention and in the middle of an Emergency be moved to another Unit.(Jackson's Decl.@ 11).


45.-Response: Disputed- Corrao had every reason to believe that Health Services was not contacted by Control beacause he was trained to be the one initiating/contacting Health Services(Jackson's Decl.@ 8).


46.-REsponse: Disputed- Jackspn was not offered Medical Attention and did not refuse any. (Jackson's Decl.@ 12).

This 14 day of August 2017

*Debradre Jackson*
DEBRADRE D. JACKSON.